IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRENCE M. BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00164-P |
| | § | |
| ERIC D. WILSON, Warden | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Terrence M. Brown ("Brown"), a federal prisoner then confined at FMC-Fort Worth in Fort Worth, Texas.[1] In addition to the form § 2241 petition (ECF No. 1), Brown filed a brief with exhibits (ECF No. 2). The Court also has a response with an appendix (ECF Nos. 12, 13), and Brown's reply (ECF No. 14). Brown seeks restoration of 54 days of good conduct time credit that were removed as a result of a finding of guilt on two disciplinary code charges. Pet. at 7, ECF No.1. After considering the pleadings and relief sought by Brown and the applicable law, the Court finds that the § 2241 petition must be **DENIED**.

**I.    BACKGROUND**

Brown is housed in the Bureau of Prisons (BOP) serving an 87-month term of

---

[1]Brown has updated his address of record in another pending case to reflect his current housing at FCI-Beaumont in Beaumont, Texas. *See* www.bop.gov record locator for Terrence Matthew Brown, register number 08524-031, last visited September 10, 2019.

imprisonment for conspiracy to commit wire fraud. App. 3–4, Charles Bickle Declaration, ECF No. 13.[2] On July 5, 2017, while Brown was incarcerated at FCI-Bastrop, in Bastrop, Texas, he received an incident report charging him with the violation of BOP Disciplinary Code 296, using mail for abuse, and Code 299, conduct which disrupts, most like Code 204, extortion of blackmail. App. 17, Incident Report, §§ 10, ECF No. 13. Both charges arose from an e-mail Brown sent through the BOP internal mail system on July 4, 2017, to Unit Manger Wohld that was received the next day. Brown Brief 57, ECF No. 2. On the same day the e-mail was received, Wohld filed an incident report listing this description of the incident:

> On July 5, 2017, at approximately 10:40 a.m., I received and opened an Electronic Notice to Staff from inmate Brown, Terrence Matthew, reg. no. 08524-031. Inmate Brown states, "Happy Fourth of July, today is truly your Independence Day. I am hereby respectfully asking for your immediate resignation from the Federal Bureau of Prisons. In exchange for your resignation I am willing to agree not to pursue your termination and formal criminal charges against you for the felony you have now committed." Inmate Brown further states, "When you falsified the date of your response to my Attempt at Informal Resolution in an attempt to create a defense in the lawsuit served upon you just hours before your falsification, you committed a felony offense. I can now prove this crime was committed and am going to seek a Third Party Sentence Reduction under Rule 35 of the Federal Rules of Criminal Procedure in exchange for my cooperation against you. I will agree not to pursue such action if you submit your resignation by July 7, 2017. If no such action is taken, then I will reach out to a Special Agent of the Federal Bureau of Investigation next week to pursue criminal charges and your immediate termination." Inmate Brown's action[s] are an attempt to extort me in my current position based on my duties as his assigned Unit Manager. It is clear inmate Brown is using

---

[2]Although the Respondent's appendix was numbered at the bottom of the pages, the Court will cite to the ECF page numbers assigned to the document on the Court's docket.

threats and coercion in an attempt to force my resignation under false pretense. Inmate Brown is also using the inmate Trulinks system to further these actions.

App. 17, § 11, ECF No. 13.

An investigation of the incident report was completed the same day. App. 18, § 27, ECF No. 13. Brown did not request a witness. *Id*. § 25. After advising Brown of his rights and providing him with a copy of the incident report, the investigating lieutenant asked Brown if he wished to make a statement. *Id.* § 24. The investigator recorded Brown's statement as:

> I am in prison for signing something that is not true. So when I see staff members sign documents that is based on something that is not true, I take that serious because it is a crime. My actions were not to extort or blackmail her, it was only to show that what she is doing is wrong and a crime.

*Id*.

Brown subsequently appeared before a Unit Disciplinary Committee (UDC) on July 7, 2017. App. 17, § 21, ECF NO. 13. He provided the following statement to the UDC: "Inmate Brown stated there was no blackmail or extortion concerning (illegible) communications to her nor anything false." *Id*., § 17. The UDC referred the charge to a Disciplinary Hearing Officer (DHO) for final hearing and disposition. *Id*., § 18(B). Brown was provided written notice of his rights before the DHO and given the opportunity to request witnesses and a staff representative. App.4, ¶¶ 6 and 7, ECF No. 13; App. 21, 23, ECF No. 13. Brown requested a staff representative but did not request any witnesses. App. 23, ECF No. 13.

3

Brown next appeared for the hearing before the DHO on July 27, 2017. App. 4, ¶ 8, ECF No. 13. A staff representative appeared with him. App. 23, § II, ECF No. 13. Brown gave a statement recorded as:

> I woke up on July fourth and was offended cause I am truly in prison for no fault of my own. I wrote I was serious in the e-mail, but later in the day I thought about sending a second e-mail but I didn't. I did report Ms. Wohld's wrongdoing later that day because I thought she would use my lawsuit against her against me and that she obviously would not resign.

App. 25, § III (B), ECF No. 13.

Based on the evidence presented, the DHO concluded that the greater weight of the evidence supported a finding that Brown violated Code 299, conduct disruptive to security or orderly running of a BOP facility (high severity), most like Code 204 (extortion or blackmail), and Code 296, use of the mail for abuses other than criminal activity. *Id*., § VI. The DHO described to Petitioner the evidence relied upon in reaching this conclusion. *Id*. § V. That is, the DHO considered the reporting employee's account of the incident, Petitioner's verbal and handwritten statements, and the e-mail to Unit Manager Wohld dated July 4, 2017. *Id*.; Brown Brief 57, ECF No. 2. The DHO sanctioned Petitioner to 7 days of disciplinary segregation, disallowed 27 days of good conduct time, and 120 days loss of commissary and visitation privileges for violating Code 299, most like Code 204; and disallowed 27 days of good conduct time and 90 days loss of e-mail privileges for violating Code 296. App. 26, § VI. The DHO provided an explanation of the reasons for the sanctions imposed. *Id*. § VII.

## II.   EXHAUSTION

The parties do not raise or contest the issue of exhaustion of administrative remedies. Thus, the Court does not address exhaustion and turns to the merits of Brown's claims for relief.

## III.   ANALYSIS

Petitioner Brown asserts that the disciplinary charges were filed against him in retaliation for filing litigation against the reporting staff member and claims that he was denied due process of law during the disciplinary process. Pet. 5, ECF No. 1, Brief 10–14, ECF No. 2. In his brief, Brown provides copies of a lawsuit he had filed against several BOP officials, including Unit Manager Wohld, in support of his retaliation claim. Brown Brief 31–47, 55, ECF No. 2. For relief, Brown seeks expungement of the incident report, and return of the 54 days of lost good conduct time. Pet. 7, ECF No. 13.

In the context of a prison disciplinary proceeding resulting in the loss of good time credits, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563‑67 (1974). A review of the record indicates that each of the *Wolff* requirements were met. Brown received advance written notice of the charges on July 5, 2017, appeared before the UDC on July 7, 2017, and appeared before the DHO on July

27, 2017. App. 17–18, 21, 25, ECF No. 13. Brown thus received more advance notice than the 24-hour notice called for in *Wolff*. Also, Brown was given the opportunity to appear before the DHO to present witnesses and evidence. The record reflects that Brown appeared before the DHO, made a statement, presented a handwritten statement, and requested no witnesses. App. 25, ECF No. 13. Brown was offered and used a staff representative who was present at the DHO hearing. And as demonstrated by the DHO's report, Brown was provided with a written statement as to the evidence relied on and the reasons for the actions taken by the DHO factfinder as required in *Wolff*. App. 25–26, ECF No. 13.

Upon review of a prison disciplinary action, a court must simply consider whether the decision of the prison authority was supported by "some facts" or "any evidence at all." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Due process does not require that the evidence in such a proceeding eliminate all other possible conclusions. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455‑56 (citation omitted). The reporting staff member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536‑537 (5th Cir. 2001). "Federal courts cannot retry

every prison disciplinary dispute; rather the court may only act where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

In the instant case, there is more than "some evidence" to support the DHO's findings. The DHO relied upon the reporting employee's account of the incident, the e-mail the reporting employee received from Brown, and Brown's own handwritten statement. App. 25 § III(D), ECF No. 13. Brown did not deny that he sent the e-mail to Unit Manager Wohld, but rather contended that his communication did not constitute an effort to extort Wohld. However, the DHO wrote:

> You denied the charge and presented as your defense that you did send the e-mail requesting the resignation of Unit Manager Wohld because she falsified the date on a document provided to you, but you never tried to extort her. You stated the extortion charges is typically in exchange for something of value, which you were not requesting anything of value in this instance. The DHO notes that you were charged with conduct which disrupts most like code 204, extortion or blackmail, code 299 and not code 204, extortion. It is clear your actions constituted a quid pro quo situation where you expect a favor or advantage in return for something. It should be noted if you have evidence of alleged misconduct your responsibility should have been to report this information to appropriate staff or agencies and not attempt to solicit the resignation of the staff member. It is not within your authority to request something from the staff member or make threats of reporting alleged misconduct. It is also clear you used the BOP email system in the furtherance of this action.The DHO finds the greater weight of the above listed information supports the charges.
>
> The DHO finds the greater weight of the evidence listed above supports that you committed the prohibited act of code 299, conduct disruptive to security or orderly running of a BOP facility (high severity), most like code 204 extortion or blackmail and code 296, use of the mail for abuses other than criminal activity.

App. 26 § V, ECF No. 13. There was clearly sufficient evidence to support the DHO's findings and punishment based upon the e-mail that Brown sent through the BOP e-mail system. Brown recites in his brief that he had filed a lawsuit naming several BOP officials, including Wohld, and served that suit prior to the issuance of the incident report. Brief 31, 55, ECF No. 2. But that fact is not evidence of retaliation by any BOP staff, and ignores the fact that Brown's own action of sending the threatening e-mail to Wohld was the basis for the filing of the incident report.

Ultimately, in order to successfully challenge the outcome of the DHO hearing, Brown must demonstrate that there was no evidence whatsoever to support the DHO's decision. *Reeves*, 19 F.3d at 1062 ("[P]rison disciplinary hearings will be overtured only when there is no evidence whatsoever to support the decision of prison officials, a *de novo* review is not required."). Brown has not met this burden. Consequently, Brown has not been denied due process in connection with either the hearing he received or its outcome, and is not entitled to the relief he seeks.

IV.  **CONCLUSION and ORDER**

It is therefore **ORDERED** that Terrence M. Brown's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED.**

**SO ORDERED** on this **11th day** of **September, 2019.**

*Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE